Yang v. Sessions

BIA
Christensen, IJ
A205 628 745

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:
>ROBERT D. SACK,
>PETER W. HALL,
>CHRISTOPHER F. DRONEY,
>>*Circuit Judges.*

_____

DECHANG YANG,
>*Petitioner,*

v.                                                      16-1690
                                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:        Aminat Sabak, Law Offices of Yu and
                       Associates, PLLC, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy,
                       Assistant Attorney General; Linda S.
                       Wernery, Assistant Director; Kerry A.
                       Monaco, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dechang Yang, a native and citizen of the People's Republic of China, seeks review of an April 29, 2016, decision of the BIA, affirming a January 7, 2015, decision of an Immigration Judge ("IJ") denying Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dechang Yang,* No. A205 628 745 (B.I.A. Apr. 29, 2016), *aff'g* No. A205 628 745 (Immig. Ct. N.Y. City Jan. 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Yang's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

2

in an asylum applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Yang was not credible.

The agency's credibility determination is supported by the inconsistency between Yang's testimony that his friend evaded arrest when their underground church was raided and his friend's letter stating that he was also arrested and describing his own arrest and detention. *See Majidi v. Gonzales*, 430 F.3d 77, 79-81 (2d Cir. 2005) ("Where the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution . . . a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise."). Because this inconsistency highlighted dramatically different accounts of an aspect of Yang's persecution, the IJ was not required to solicit an explanation from Yang before finding him not credible. *See id.* at 81. Moreover, when confronted by the government's attorney,

Yang provided no explanation, but merely reiterated his testimony.

The agency's adverse credibility determination is further supported by an omission from both Yang's written application and a letter from his father. Both documents omitted a detail that Yang testified to: that he was able to use his own passport to leave China, despite his arrest, because his parents paid someone to delete his arrest record from a national database. *See Xiu Xia Lin*, 534 F.3d at 167 (holding that an IJ may base an adverse credibility determination on "*any* inconsistency or omission" so long as the totality of the circumstances shows that the petitioner is not credible) (emphasis in original). Yang failed to provide an explanation for the omission, which is notable given his inclusion of the fact that his parents paid someone for his release from detention.

The agency's adverse credibility determination is bolstered by the IJ's finding that Yang failed to offer evidence that rehabilitated his testimony. The IJ reasonably found that the letters from Yang's father and Lin did not corroborate Yang's testimony, given the contradictions and omissions described above. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her

4

testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). And Yang did not provide reliable evidence to corroborate his testimony that he continued to practice Christianity in New York. *See id*. Moreover, we defer to the agency's determination to afford diminished weight to Yang's letters because their authors were unavailable for cross examination and Yang's father was an interested party. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the inconsistency between Yang's testimony and Lin's letter about the sole incident of past persecution, the omission in Yang's written application and his father's letter, and the lack of reliable evidence to rehabilitate Yang's testimony, the IJ reasonably found Yang not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-66. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

5

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk